**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NEAL T. HOWLETT, ) | CASE NO. 5:16CV1245 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #17) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge Jonathan D. Greenberg, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq. ("Act"). For the following reasons, the Court ADOPTS Magistrate Judge Greenberg's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

1

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see Magistrate Judge Greenberg's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On February 26, 2007, Plaintiff filed an Application for DIB and Supplemental Security Income. An administrative law judge ("ALJ") held a hearing and on January 29, 2010, the ALJ issued an unfavorable decision. After the Appeals Council denied review, Plaintiff sought review in U.S. District Court and on September 28, 2012, the decision of the Commissioner was affirmed. On October 16, 2012, Plaintiff filed additional applications for POD and DIB alleging a disability onset date of January 30, 2010. The applications were denied initially and upon reconsideration. Thereafter, Plaintiff requested a hearing before an ALJ. On October 23, 2014, an ALJ held a hearing during which Plaintiff and an impartial vocational expert ("VE"), testified. On October 29, 2014, the ALJ issued a written decision finding Plaintiff was not disabled. The ALJ' s decision became final on March 24, 2016, when the Appeals Council declined further review.

On May, 24, 2016, Plaintiff filed the instant Complaint challenging the Commissioner's final decision and asserted a single assignment of error: whether the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating physician, Heather Queen-Williams, M.D. On April 6, 2017, the Magistrate Judge issued his Report and Recommendation. On April 19, 2017, Plaintiff filed his Objection to Report and Recommendation of the Magistrate Judge. On May 3, 2017, Defendant a filed Response to Plaintiff's Objections.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner

made by an ALJ in a Social Security action is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

Under the Act, 42 U.S.C. § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a).

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). The ALJ further found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from January 30, 2010, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(g)).

Here, Plaintiff argues that the ALJ erred by failing to give appropriate weight to Plaintiff's treating physician, Dr. Queen-Williams. The Magistrate Judge points out that a treating source opinion must be given "controlling weight" if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v.*

3

*Barnhart*, 2006 WL 2271336 at * 4 (6th Cir. Aug. 8, 2006); 20 C.F.R. § 404.1527(c)(2).  If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9 at * 5).  *See also Gayheart*, 710 F.3d at 376.  The Magistrate Judge determined that the ALJ provided good reasons for affording Dr. Queen-Williams' opinion less than controlling weight because the Doctor's opinion was inconsistent with the substantial evidence in the record as well as her office treatment notes.

In the Report and Recommendation the Magistrate Judge shows that the doctor routinely noted that Plaintiff's appearance was appropriate; his activity and eye contact was normal; his demeanor was spontaneous and pleasant; his level of consciousness was alert; his judgment was fair and his insight was good, as well as other favorable evaluations.  The doctor noted in a mental impairment questionnaire that Plaintiff had mild restrictions in daily living activities, marked difficulties in social functioning and difficulties in concentration, persistence or pace.   However, as the ALJ noted, Plaintiff was able to engage in numerous social activities outside the home, attend group yoga classes three times a week, do odd jobs for pay, work part-time four days a week as a handy man at a daycare center, volunteer for Habitat for Humanity, interact daily by text message with former co-workers, a cousin, his parents and friends, visit his parents several times a week, visit a friend who owns a record store and another friend who owns a restaurant, visit the judge from mental health court and go to school.

The ALJ thoroughly described this evidence in the opinion and reasonably concluded that Dr. Queen-Williams' opinion that Plaintiff had marked or extreme difficulties in functioning is not borne from the record.  The Magistrate Judge agreed that

4

there were apparent inconsistencies between Plaintiff's claim that he suffered from extreme psychological impairment but no restrictions from social or daily living activities. The ALJ reasonably determined that Plaintiff's social functioning is regular and consistent.

The opinion of a treating physician must be based on sufficient medical data and upon detailed clinical and diagnostic test evidence. *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). However, the ALJ is not bound by conclusory statements of a treating physician that a claimant is disabled, but may reject such determinations when good reasons are identified for not accepting them. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986); *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

The Court agrees with the Magistrate Judge that Dr. Queen-Williams' opinion is inconsistent with her treatment notes and the ALJ's conclusion was reasonable. The ALJ adequately explained the reasoning behind the decision. It is clear that the ALJ had sufficient reasons for concluding that Dr. Queen-Williams' opinion was lacking in supportability.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Period of Disability and Disability Insurance Benefits is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #16) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 6/22/17**

                     *s/Christopher A. Boyko*
                     **CHRISTOPHER A. BOYKO**
                     **United States District Judge**